1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   WORKLAND & WITHERSPOON,
    PLLC, a limited liability company; and          NO:  2:14-CV-403-RMP
8   ERIC SACHTJEN, an individual,
                                                     ORDER DENYING PLAINTIFFS'
9                              Plaintiffs,            MOTION TO REMAND

    v.
10
    EVANSTON INSURANCE
11  COMPANY,

12                             Defendant.

13

14        Before the Court is Plaintiffs' Motion to Remand, **ECF No. 4**.  The Court

15  has reviewed the record, the memorandum in response, the reply, and is fully

16  informed.

17                              **BACKGROUND**

18        This case is one of four related lawsuits.  The Plaintiffs in this case,

19  Workland & Witherspoon, PLLC, and individual Eric Sachtjen ("Workland"), are

20  defendants in two lawsuits currently pending in Spokane County Superior Court.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 1

ECF No. 4 at 2.  Both lawsuits allege professional liability regarding the purchase

and sale of real property.  ECF No. 4 at 2.  At all relevant times, Mr. Sachtjen was

an attorney-employee of Workland & Witherspoon, PLLC.  ECF No. 1-1 at 2.

Defendant in this case, Evanston Insurance Company (hereinafter "Evanston"), is

an Illinois insurance company that issued the Plaintiffs professional malpractice

insurance policies.  ECF No. 4 at 2.  When the underlying litigation against

Plaintiffs arose, Plaintiffs tendered the defense and indemnity to Evanston.  ECF

No. 1-1 at 3.  Evanston assumed the defense of both Workland & Witherspoon and

Mr. Sachtjen under a reservation of rights.  ECF No. 1-1 at 3.

     In a separate but related case, Evanston filed a complaint for declaratory

judgment in this Court on June 16, 2014, specifically seeking an order declaring

that Evanston has no duty to defend or indemnify Plaintiffs in the underlying state

suits.  In the instant case, Plaintiffs filed a similar complaint for declaratory relief

in the Superior Court for Spokane County, in Spokane, Washington.  ECF No. 1-1.

The Plaintiffs requested a declaration that Evanston was obliged to defend and

indemnify them in the underlying professional liability litigation.  ECF No. 1-1 at

6.  On December 17, 2014, Evanston removed the case to the present Court on the

basis of diversity jurisdiction.  ECF No. 1 at 2.

     All Plaintiffs moved to remand the case to state court on January 12, 2015.

ECF No. 4.  Plaintiffs base their motion on two grounds:  1) Washington State

courts have exclusive jurisdiction over the instant case, and 2) the McCarran-Ferguson Act prohibits diversity removal of this case.  ECF No. 4.  Evanston filed a memorandum in opposition to the motion to remand and the Plaintiffs filed a reply.  ECF Nos. 7 & 9.

## ANALYSIS

A defendant may remove a case originally filed in state court to the embracing federal district court, if the district court would have original jurisdiction.  28 U.S.C. § 1441(a).  A federal district court has original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and when there is complete diversity between the parties as citizens of different states.  28 U.S.C. § 1332(a)(1).  A plaintiff may seek remand of a removed action based on any defect in the removal, including lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992)).

The Declaratory Judgment Act ("DJA") states that "[i]n a case of actual controversy within its jurisdiction… any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. §2201(a).  In such a

case for declaratory judgment, a district court "must decide whether to exercise

that jurisdiction.  The statute gives discretion to courts in deciding whether to

entertain declaratory judgments."  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143-

44 (9th Cir. 1994).

In making this determination, the district court will consider several factors,

including but not limited to:  1) avoiding needless determination of state law

issues; 2) discouraging litigants from filing declaratory actions in an attempt to

forum shop; and 3) avoiding duplicative litigation.  *Gov't Emp. Ins. Co. v. Dizol*,

133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc) (citing *Brillhart v. Excess Ins.*

*Co. of Am.*, 316 U.S. 491 (1942)).  The district court "must balance concerns of

judicial administration, comity, and fairness to the litigants" in determining

whether to exercise jurisdiction over a declaratory judgment action.  *Chamberlain*

*v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (*overruled in unrelated*

*part by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

In determining whether judicial economy supports retention or remand, the

district court should consider "whether enough resources have been expended" to

warrant retention.  *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991).

"'The district court, of course, has the discretion to determine whether *its*

investment of judicial energy justifies retention of jurisdiction.'"  *Id.* (quoting *Otto*

*v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986)) (emphasis in original).

1          Plaintiffs originally filed the present case in Spokane County Superior Court,

2    and Evanston removed the case on Dec. 17, 2014.  ECF No. 1.  In a related case,

3    Evanston has moved for summary judgment.  Evanston Ins. Co. v. Workland &

4    Witherspoon, PLLC, 2:14-CV-000193-RMP, ECF No. 29.  At this point in the

5    litigation process, the Court has expended judicial expense and effort in resolving

6    the motion for summary judgment. Even though there is a separate but related civil

7    suit pending before the state court, judicial economy favors retention at this time in

8    order to avoid duplicative litigation and possibly different results in state and

9    federal court.

10          The comity factor weighs in favor of retention.  The underlying tort

11    litigation is currently underway in the state courts and is governed by Washington

12    state law.  However, this Court is fully capable of applying Washington law, and

13    does so frequently.  Additionally, it does not appear that this case presents

14    unsettled or novel issues of state law.  Moreover, this Court has the discretion to

15    decide whether or not to exercise its jurisdiction over actions for declaratory

16    judgment. *See Kearns*, 15 F.3d at 143-44.

17          In addition, both the complaint for declaratory judgment filed in this Court

18    by Evanston, and the present case brought by Workland & Witherspoon and Mr.

19    Sachtjen, present issues concerning coverage under the parties' insurance contract.

20    If the Court remands Plaintiffs' complaint to the state court, this Court will still

1    retain jurisdiction over Evanston's complaint for declaratory judgment. Duplicative

2    and potentially conflicting litigatioon may occur if this case is remanded, while

3    Evanston's case remains in this Court.  In contrast, if the Court retains this case,

4    duplicative litigation and possibly conflicting declaratory judgments will be

5    avoided at the state and federal level.  Thus, comity weighs in favor of retaining

6    the instant case.

7         The factor of fairness for the parties does not weigh heavily in favor of

8    either retention or remand in this case.  The Spokane County Superior Court and

9    this Court are both located within the same city, and none of the parties would be

10   inconvenienced by either forum.  In addition, the Court notes that both the District

11   Court for the Eastern District of Washington and the Spokane County Superior

12   Court would offer a fair forum in which the parties could litigate their disputes.

13        The above factors weigh in favor of retention.  This Court addresses

14   Plaintiffs' reasons for remand in turn.

15   **A.    RCW 48.15.150(1)**

16        Plaintiffs argue in their motion to remand that "Washington law confers

17   exclusive jurisdiction to the superior courts of Washington in all actions relating to

18   surplus lines insurance issued by unauthorized insurers in the State."  ECF No. 4 at

19   3.  In the state of Washington, "a valid statute becomes a part of and should be read

20   into the insurance policy."  *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d

327, 332, 494 P.2d 479, 482 (1972).  Defendants contend that RCW 48.15.150, a valid statute which must be read into an insurance policy, mandates remand of this case to Spokane County Superior Court.  ECF No. 4 at 5.  RCW 48.15.150(1) provides: "For any cause of action arising in this state under any contract issued as a surplus line contract under this chapter, an unauthorized insurer must be sued in the superior court of the county in which the cause of action arose."

Evanston argues that the Washington Supreme Court case of *Ralph v. State Dep't of Natural Res.,* 343 P.3d 342, No. 88115, 2014 WL 7445555 (Wash. Dec. 31, 2014), controls in this case, which reads RCW 48.15.150 as relating to venue, rather than mandatory jurisdiction.  ECF No. 7 at 3.  To read the statute otherwise, Evanston argues, would "divest federal courts from hearing matters over which they otherwise have original jurisdiction under 28 U.S.C. § 1332."  ECF No. 7 at 3.

*Ralph* concerned an action for monetary damages following the flooding of real property.  *Ralph*, 343 P.3d at 344.  The Washington State Supreme Court considered RCW 4.12.010, a statute providing that actions "for any injuries to real property" "shall be commenced" in the county in which the property is located.  *Id.* The court in *Ralph* considered whether the statute related to venue or mandatory jurisdiction, as the language of the statute had been previously interpreted to grant jurisdiction only to the county where the real property was located.  *Id.*  Because article IV, Section 6 of the Washington State Constitution grants universal original

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 7

1    jurisdiction to all Washington superior courts, the Supreme Court held that RCW

2    4.12.010 related to venue in order to avoid conflicting grants of original

3    jurisdiction to the Washington state superior courts. *Id*.  In addition, the

4    Washington State Supreme Court has interpreted similar statutes to prescribe

5    venue, and not exclusive jurisdiction, in order to avoid conflicting grants of

6    original jurisdiction. *See, e.g. Young v. Clark*, 149 Wn.2d 130, 134 (Wash. 2003)

7    (holding that RCW 4.12.020 related to venue and not jurisdiction); *Shoop v.*

8    *Kittitas County*, 149 Wn.2d 29, 37 (Wash. 2003) (holding that RCW 36.01.050

9    related to venue and not jurisdiction in light of Washington State Constitution).

10        The Washington Supreme Court's reasoning in *Ralph* applies with equal

11   force to the instant case.  This case was removed on the basis of diversity

12   jurisdiction.  ECF No. 1.  Neither Workland nor Evanston contests the complete

13   diversity of the parties or that the amount in controversy exceeds $75,000.

14   Diversity jurisdiction is original jurisdiction, and therefore, the Court has original

15   jurisdiction in this matter.  28 U.S.C. §1332(a).  Reading RCW 48.15.150(1) as

16   granting exclusive original jurisdiction to Washington superior courts would

17   present a case of conflicting grants of original jurisdiction, much like the

18   interpretation of RCW 48.12.010 that the Washington Supreme Court rejected in

19   *Ralph*.  Thus, the Court is persuaded that RCW 48.15.150(1) was likely intended to

20   prescribe the proper venue for initiating a lawsuit against a surplus line insurer,

1  rather than conferring exclusive subject matter jurisdiction to the superior courts of

2  Washington state.  *Ralph,* 343 P.3d at 350.

3       This reading of RCW 48.15.150(1) does not require remand to the Spokane

4  County Superior Court.  Consequently, the Court declines to remand on the basis

5  of RCW 48.15.150(1).

6  **B.    RCW 48.05.215**

7       Plaintiffs argue in their motion to remand that RCW 48.05.215 mandates

8  lawsuits involving foreign carriers to be heard in Washington superior courts.  ECF

9  No. 4 at 5.  RCW 48.05.215(1) provides in pertinent part:

10       Any foreign or alien insurer not authorized by the commissioner…
   who, by mail or otherwise, solicits insurance business in this state or

11  transacts insurance business in this state as defined by RCW
   48.01.060, thereby submits itself to the jurisdiction of the courts of

12  this state in any action . . . .

13       This particular section of the Revised Code of Washington is a so-called

14  long-arm statute, conferring personal jurisdiction over foreign insurers such as

15  Evanston.  *See Prof'l Marine Co. v. Those Certain Underwriters at Lloyd's*, 118

16  Wn.App. 694, 705, 77 P.3d 658, 665 (2003) (reviewing a trial court's exercise of

17  jurisdiction over a foreign insurer and finding that the trial court had personal

18  jurisdiction pursuant to RCW 48.05.215(1)).  Furthermore, Evanston does not

19  challenge the State of Washington's or Spokane County Superior Court's claim of

20  personal jurisdiction over it.  ECF No. 7 at 4.  However, nothing in the plain

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 9

1  language of RCW 48.05.215(1) grants exclusive jurisdiction to Washington

2  superior courts over all matters involving an unauthorized foreign insurer, nor do

3  Plaintiffs provide any case law interpreting the statute as an exclusive jurisdictional

4  grant.  Because it does not grant exclusive jurisdiction over cases involving foreign

5  carriers to superior courts, the statute does not mandate a remand to the Spokane

6  County Superior Court.  The Court declines to remand on this basis.

7  **C.    McCarran-Ferguson Act**

8       Plaintiffs argue that the McCarran-Ferguson Act would "reverse preempt[]

9  diversity jurisdiction because removal under the diversity statute would render

10  RCW 48.15.150 void."  ECF No. 4 at 8.  The McCarran-Ferguson Act, codified at

11  15 U.S.C. §1012(b), provides that "[n]o Act of Congress shall be construed to

12  invalidate, impair, or supersede any law enacted by any State for the purpose of

13  regulating the business of insurance … ."  "The McCarran-Ferguson Act thus

14  precludes application of a federal statute in face of state law 'enacted . . . for the

15  purpose of regulating the business of insurance," if the federal measure does not

16  'specifically relate to the business of insurance,' and would 'invalidate, impair or

17  supersede state law." *Humana Inc. v. Forsyth*, 525 U.S. 299, 307 (1999).  This

18  process, in reversal of the traditional operations of the Supremacy Clause, where

19  the Act directs that other federal statutes will be preempted by state laws is

20  sometimes referred to as "reverse preemption."

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 10

1      Plaintiffs argue specifically that "The [McCarran-Ferguson Act] prohibits

2  the federal diversity statute [28 U.S.C. §1332], which does not relate specifically to

3  the business of insurance, to trump state law rights to regulate insurance."  ECF

4  No. 4 at 6.  In other words, Workland asks this Court to find that the McCarran-

5  Ferguson Act would prohibit application of the federal diversity statute in this case.

6      In the case of *Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, 421

7  F.3d 835, 843 (9th Cir. 2005) (opinion later amended and superseded on other,

8  unrelated grounds), the Ninth Circuit dealt with the argument that the "McCarran-

9  Ferguson Act would bar the exercise of federal jurisdiction in any lawsuit where

10  the exercise of such jurisdiction implicates any state law concerning the 'business

11  of insurance.'"  *Hawthorne Savings* involved an insurance contract claim brought

12  in the California state system; the insurance company (Reliance) removed the case

13  to federal district court based on diversity.  *Hawthorne Savings*, 421 F.3d at 840.

14  Reliance was subsequently placed in rehabilitation and liquidation proceedings in

15  Pennsylvannia state court.  After a jury verdict, the district court entered a

16  judgment against Reliance.  *Id*. at 841.  Reliance appealed, contending that the

17  district court lacked jurisdiction over the case after the Pennsylvania

18  Commonwealth Court started its liquidation proceedings.  *Id*.

19      In its analysis, the Ninth Circuit noted with approval that the Tenth and Fifth

20  Circuits had rejected the broad position that the McCarran-Ferguson Act barred all

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 11

insurance claims in federal courts on the basis of diversity jurisdiction. *Id*. at 843 (quoting *Atl. & Pac. Ins. Co. v. Combined Ins. Co. of Am.*, 312 F.2d 513 (10th Cir. 1962); *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699 (10th Cir. 1988) ("[T]he policy of the McCarran-Ferguson Act was to leave the regulation of insurers to the states, it did not intend to divest federal courts of the right to apply state law regarding the regulation of insurers in appropriate diversity proceedings."); *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249 (5th Cir. 1990) ("The McCarran-Ferguson Act,. . . , did not remove diversity jurisdiction from the federal courts in insurance matters. . . ."). In rejecting the broad rule that the McCarran-Ferguson Act barred all diversity insurance cases in federal courts, the Ninth Circuit added a qualifying analysis: "The necessary question in cases such as this one is whether operation of the diversity statute actually 'invalidate[s], impair[s], or supersede[s]" the state's liquidation efforts." *Id*. at 843. After rejecting the proposed position that the McCarran-Ferguson Act barred diversity jurisdiction over state insurance cases, the Ninth Circuit very specifically stated, "We therefore hold that 28 U.S.C. §1332 is not reverse-preempted by the McCarran-Ferguson Act." *Id*. at 844. Because the McCarran-Ferguson Act does not reverse preempt the diversity statute, this Court declines to remand based on the Act.

**D.    Attorney's Fees**

In their motion for remand, Workland asks for an award of reasonable attorney's fees.  ECF No. 4 at 9.  The Supreme Court has laid out a standard under which attorney's fees will be awarded pursuant to 28 U.S.C. §1447(c).  "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In this case, none of the parties contests the complete diversity or the amount in controversy.  Evanston had an objectively reasonable basis for seeking removal of this case, namely diversity jurisdiction.  Therefore, the Court declines to award attorney's fees in this matter.

<b>CONCLUSION</b>

While Workland originally filed their complaint for declaratory judgment in a Washington state court, Evanston previously filed a similar action in this Court.  The instant case was removed to this Court on the basis of diversity.  Faced with both cases concurrently, the Court finds that it is in the interest of judicial economy to retain the present claim for declaratory judgment.  This is to avoid duplicative litigation and possibly conflicting declaratory judgments at the state and federal level.

1    Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs Workland &

2  Witherspoon, PLLC, and Eric Sachtjen's Motion to Remand, **ECF No. 4**, is

3  **DENIED**.

4    The District Court Clerk is directed to enter this Order and provide copies to

5  counsel.

6    **DATED** this 30th day of April 2015.

7

8              *s/ Rosanna Malouf Peterson*

                    ROSANNA MALOUF PETERSON

9              Chief United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 14