1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   WORKLAND & WITHERSPOON,
    PLLC, a limited liability company; and        NO: 2:14-CV-403-RMP
8   ERIC SACHTJEN, an individual,
                                                   ORDER GRANTING MOTION TO
9                           Plaintiffs,            DISMISS IFCA CLAIM

10    v.

11  EVANSTON INSURANCE
    COMPANY,
12
                            Defendant.
13

14        Before the Court is Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' IFCA

15  Count, **ECF No. 20**. The Court has reviewed the record, the memorandum in

16  response, the reply, and is fully informed.

17                            **BACKGROUND**

18        This case is one of four related lawsuits. Plaintiffs in this case, Workland &

19  Witherspoon, PLLC (hereinafter "Workland") and individual Eric Sachtjen, were

20  defendants in two lawsuits before the Spokane County Superior Court. ECF No. 1-

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 1

1 at 2. Both lawsuits alleged professional liability regarding the purchase and sale of real property. *Id.* At all relevant times, Mr. Sachtjen was an attorney-employee of Workland. *Id.* Defendant in this case, Evanston Insurance Company (hereinafter "Evanston"), is an Illinois insurance company that issued both Plaintiffs professional malpractice insurance policies. ECF No. 20 at 2. When the underlying litigation against Plaintiffs arose, Plaintiffs tendered the defense and indemnity to Evanston. *Id.* Evanston assumed the defense of both Workland and Mr. Sachtjen under a reservation of rights. *Id.*

In a separate but related case, Evanston filed a complaint for declaratory judgment in this Court on June 16, 2014, seeking a judicial determination that Evanston had no duty to defend or indemnify Plaintiffs in the underlying state court actions. ECF No. 1, 2:14-cv-00193-RMP.

In the instant case, Plaintiffs filed a complaint asserting a number of causes of action against Evanston. ECF No. 1-1 at 5–7. Relevant to this order, Plaintiffs allege in Count V of their complaint a violation of the Washington State Insurance Fair Conduct Act ("IFCA") under RCW 48.30.015. *Id.* at 7. Specifically, Plaintiffs allege that "[t]he acts or omissions alleged herein constitute an unreasonable attempt to deny claims or payments of insurance benefits in violation of RCW 48.30 *et. seq.* subjecting Evanston to damages, attorney fees and costs." *Id.* Evanston filed a Motion to Dismiss the IFCA count under Rule 12(b)(6) on August

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 2

31, 2015. ECF No. 20. Plaintiffs filed a memorandum in response on September 21, 2015. ECF No. 25. Evanston filed a reply memorandum on September 30, 2015. ECF No. 30. Oral argument was heard telephonically on October 20, 2015.

## DISCUSSION

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Evanston argues that dismissal of Plaintiffs' IFCA cause of action is appropriate as (1) IFCA does not apply to Plaintiffs as their professional liability insurance policies only provide third-party coverage and (2) Plaintiffs have failed

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 3

to allege a denial of either coverage or the payment of benefits as required to successfully plead an IFCA cause of action.

## I.      Whether Plaintiffs Are First-Party Claimants Under IFCA

Evanston argues that IFCA only creates a cause of action for holders of first-party insurance policies. ECF No. 20 at 3. In support, Evanston cites a number of District Court for the Western District of Washington decisions holding that "a plaintiff cannot state a claim under IFCA arising from demands for insurance coverage under a third-party liability insurance policy." *Id.* (citing *King Cty. v. Travelers Indem. Co.*, C14-1957 MJP, 2015 WL 1867098 (W.D. Wash. Apr. 23, 2015); *Central Puget Sound Reg'l Transit Auth. v. Lexington Ins. Co.*, C14-778 MJP; 2014 WL 5859321 (W.D. Wash. Nov. 12, 2014); *Cox v. Continental Cas. Co.*, C13-2288 MJP, 2014 WL 2011238 (W.D. Wash. June 6, 2014)). Evanston alleges that Plaintiffs have third-party insurance coverage as the policies only indemnify Plaintiffs for claims filed by third-party claimants. *Id.* at 4.

The Court disagrees with Evanston's interpretation of IFCA. In subsection (1), IFCA expressly creates a cause of action for "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer." RCW 48.30.015(1). However, subsection (4) defines "first party claimant" as "an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a

covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract." RCW 48.30.015(4).

The decisions cited by Evanston apply a Washington State common law distinction between first- and third-party policies. *See Cox*, 2014 WL 2560433, at *2 (noting that "Washington law clearly distinguishes between first and third-party coverage" and that "the text of the IFCA defines 'first party claimant' in a narrow way that applies only to first-party insurance") (citing *Mutual Of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.*, 161 Wn.2d 903, 914 n.8 (2007); RCW 48.30.015(4)). IFCA does not distinguish between first- and third-party coverage, instead creating a cause of action for any entity "asserting a right to payment under an insurance policy." *See* RCW 48.30.015(4); *accord Cedar Grove Composting, Inc. v. Ironshore Specialty Ins., Co.*, C14-1443 RAJ, 2015 WL 3473465, at *6 (W.D. Wash. June 2, 2015) ("With respect to at least Cedar Grove's claim for defense costs, it is a claimant asserting a right to payment arising out of an insured contingency--the filing of a covered lawsuit against it."); *City of Bothell v. Berkley Reg'l Specialty Ins. Co.*, C14-0791 RSL, 2014 WL 5110485, at *10 (W.D. Wash. Oct. 10, 2014) ("Regardless of whether the policy provides first-party coverage . . . or third-party coverage . . . , IFCA provides anyone who has a right to file a claim under the insurance policy . . . with a cause of action against

the insurer for unreasonable coverage denials."). As Plaintiffs asserted a right to

payment under their professional malpractice insurance policies, the Court finds

that Plaintiffs are first-party claimants under IFCA subsection (4).

## II.    Whether Plaintiffs Have Failed to Plead Sufficient Facts to Allege An IFCA Cause of Action

Evanston argues that Plaintiffs have failed to allege sufficient facts to

adequately plead an IFCA cause of action. ECF No. 20 at 4. Evanston argues that

an IFCA cause of action can arise only under the two distinct circumstances

outlined in subsection (1): an unreasonable denial of coverage or an unreasonable

denial of the payment of benefits. *Id.* at 5. Plaintiffs argue that they have plead

sufficient facts to support an IFCA claim under subsection (1) as well as an

additional, implied cause of action under subsection (5) arising from Evanston's

alleged violation of specifically enumerated Washington Administrative Code

("WAC") provisions. ECF No. 25 at 3–7.

### A. Express Cause of Action Under Subsection (1)

Evanston argues that Plaintiffs have failed to plead sufficient facts to show

that Evanston unreasonably denied either coverage or the payment of benefits

under subsection (1). ECF No. 20 at 5. In their complaint, Plaintiffs allege that

Evanston's "acts or omissions . . . constitute an unreasonable attempt to deny

claims or payment of insurance benefits." ECF No. 1-1 at 7. In response, Plaintiffs

argue that "the only purpose for filing the declaratory judgment was for Evanston to deny coverage, albeit with judicial approval." ECF No. 25 at 3.

IFCA subsection (1) grants an insured a cause of action against their insurer if the insurer "unreasonably denied a claim for coverage or payment of benefits." RCW 48.30.015(1). Here, Plaintiffs have failed to allege sufficient facts to make a plausible claim that Evanston actually denied them coverage or the payment of benefits under their professional malpractice insurance policies. As quoted above, Plaintiffs allege that Evanston *attempted* to deny them coverage by filing a declaratory judgment action in this Court. *See* ECF No. 1-1 at 7.

However, Plaintiffs admit that Evanston continued to represent them in the Spokane County Superior Court lawsuits under a reservation of rights. *Id.* at 2–3. This representation ultimately resulted in the settlement of the underlying state court actions. ECF No. 44, 2:14-cv-00193-RMP. IFCA creates an express cause of action for an *actual* denial of coverage or the payment of benefits, not an *attempted* denial. *See* RCW 48.30.015(1). Further, it is the preferred practice for an insurer to file a reservation of rights as opposed to denying coverage outright. *See Country Mut. Ins. Co. v. DeAtley*, 13-CV-3029-TOR, 2013 WL 6119231, at *3 (E.D. Wash. Nov. 21, 2013) ("If an insurer is uncertain whether the allegations against its insurer are sufficient to trigger the duty to defend, the preferred practice is to tender a defense under a reservation of rights and to litigate the issue of coverage

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 7

1    in a separate declaratory judgment action.") (citing *Truck Ins. Exch. v. Vanport*

2    *Homes, Inc.*, 147 Wn.2d 751, 761 (2002)).

3         Plaintiffs' allegations largely go to the reasonableness of Evanston's conduct

4    when filing the declaratory judgment action. *See* ECF No. 1-1 at 3–4 (alleging that

5    Evanston "placed its own financial interest ahead of Workland and Sachtjen by

6    disclosing confidential information that is detrimental to Workland's and

7    Sachtjen's defense of the Darling lawsuits" and "filed its declaratory judgment

8    action without conducting a reasonable investigation of the facts necessary to

9    determine the applicability of the coverage defenses raised in the declaratory

10   actions"). Plaintiffs point to a Claims Log-In document related to the Darling

11   lawsuit as evidence that Evanston failed to undertake a reasonable investigation

12   prior to filing the declaratory judgment action. *See* ECF No. 26 Ex. A. While this

13   document appears to be merely a cover sheet, it goes only to an allegation of

14   unreasonableness, not an allegation of an actual denial of coverage. As noted by

15   Evanston, there must first be a denial of coverage or the payment of benefits before

16   the court analyzes reasonableness. ECF No. 30 at 3.

17       Plaintiffs, both at oral argument and in response to Evanston's motion,

18   conflate a bad faith cause of action with an IFCA cause of action. *See* ECF No. 25

19   at 4. These claims are distinct, as recognized by Plaintiffs as they asserted both in

20   their complaint. *See* ECF No. 1-1 at 6–7. While the source of a bad faith claim is

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 8

"the fiduciary relationship existing between the insurer and insured," *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 385 (1986), an IFCA cause of action arises solely out of the statutory language in RCW 48.30.015.

The Court finds that, as Plaintiffs have not plead sufficient facts demonstrating an *actual* denial of coverage or the payment of benefits, Plaintiffs have failed to state a claim upon which relief can be granted under RCW 48.30.015(1).

**B. Implied Cause of Action Under Subsection (5)**

The parties dispute whether a third, implied IFCA cause of action exists under subsection (5). Evanston cites a number of decisions from the District Court for the Western District of Washington holding that a violation of one of the WAC regulations listed in subsection (5) alone is insufficient to sustain an IFCA cause of action. ECF No. 20 at 5. Plaintiffs rely on *Langley v. GEICO Gen. Ins. Co.*, 89 F. Supp. 3d 1083 (E.D. Wash. 2015), in which Judge Salvador Mendoza found that a third, independent, implied cause of action exists under IFCA, permitting a first-party claimant to bring an IFCA lawsuit for the violation of one of the enumerated WAC provisions in subsection (5).[1] ECF No. 25 at 5–7; *Langley*, 89 F. Supp. 3d at 1091.

---

[1] Two other decisions from the Eastern District of Washington, *Merrill v. Crown Life Ins. Co.*, 22 F. Supp. 3d 1137 (E.D. Wash. 2014) and *Hell Yeah Cycles v. Ohio Sec. Ins. Co.*, 16 F. Supp. 3d 1224 (E.D. Wash. 2014), also state that a separate

In *Langley*, Judge Mendoza summarized existing IFCA case law. *Id.* at 1086–89. Finding prior decisions limiting IFCA causes of action to subsection (1) unpersuasive, the court undertook an implied cause of action analysis pursuant to Washington State common law. *Id.* at 1089–91.

In Washington, "[t]he legislature may implicitly or explicitly create a cause of action." *Id.* at 1089 (citing *Ducote v. State, Dept. of Social and Health Servs.*, 167 Wn.2d 697, 702–03 (2009)). Where the legislature has enacted a statute that provides a right, the common law will provide a remedy. *Bennett v. Hardy*, 113 Wn.2d 912, 920 (1990). In *Bennett*, the Supreme Court of Washington quoted the Restatement (Second) of Torts:

> [w]hen a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

*Id.* (quoting Restatement (Second) of Torts § 874A (1979)). However, "[n]o cause of action should be implied when the Legislature has provided an adequate remedy

---

cause of action exists under subsection (5). However, as *Merrill* and *Hell Yeah* recognize a cause of action under subsection (5) without analysis, the Court will focus on *Langley*. *See Merrill*, 22 F. Supp. 3d at 1148 (stating that subsection (5) creates a private cause of action supported by only a citation to subsection (5)); *Hell Yeah*, 16 F. Supp. 3d at 1235–36 (same).

in the statute." *Cazzanigi v. General Elec. Credit Corp.*, 132 Wn.2d 433, 445 (1997).

The Supreme Court of Washington utilizes the following three-part test to determine whether to recognize an implied cause of action: "first, whether the plaintiff is within the class for whose 'especial' benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation." *Bennett*, 113 Wn.2d at 920–21. *Langley* held that all three elements were met and permitted the plaintiff to proceed with an IFCA cause of action based solely on subsection (5). *Langley*, 89 F. Supp. 3d at 1091.

While agreeing with Judge Mendoza that Plaintiffs are within the class of persons that IFCA was intended to protect and that an implied remedy would be consistent with IFCA's overall purpose, the Court reaches a different conclusion concerning whether legislative intent supports recognition of an implied cause of action. In *Langley*, the court found that legislative intent supported the creation of an implied cause of action based on the language of the statute and the Voters'

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 11

Pamphlet which accompanied Referendum Measure 67.[2] *Id.* at 1089–90. IFCA

subsections (2) and (3) provide

> (2) The superior court may, after finding that an insurer has acted
> unreasonably in denying a claim for coverage or payment of benefits or
> has violated a Rule in subsection (5) of this section, increase the total
> award of damages to an amount not to exceed three times the actual
> damages,
>
> (3) The superior court shall, after a finding of unreasonable denial of a
> claim for coverage or payment of benefits, or after a finding of a
> violation of a Rule in subsection (5) of this section, award reasonable
> attorneys' fees and actual and statutory litigation costs, including expert
> witness fees, to the first party claimant of an insurance contract who is
> the prevailing party in such an action.

RCW 48.30.015(2), (3). The court reasoned that, if a

> denial of coverage or benefits is necessary to maintain a cause of action,
> then in every case in which such a denial of coverage or benefits exists
> the 'court shall' award reasonable fees and costs and 'may' award treble
> damages. Accordingly, under Defendant's theory, in every IFCA claim
> the plaintiff either 1) fails to demonstrate a denial of coverage or
> benefits and the claim is dismissed, or 2) demonstrates a denial of
> coverage or benefits, and on that fact alone, the court has the discretion
> to awar[d] treble damages and is required to award fees and costs.
> Therefore, a violation of subsection (5) would always be immaterial
> because the denial of coverage or benefit would always be

---

[2] "The Washington State legislature passed the IFCA and referred it for a vote of
the people as Referendum 67 in 2007." *Langley,* 89 F. Supp. 3d at 1086. Judge
Mendoza cites to the Explanatory Statement that was included in the 2007 Voters'
Pamphlet. *See* Explanatory Statement, Referendum Measure 67, *State of
Washington Voters' Pamphlet,* Office of the Secretary of State, at 14 (Nov. 6,
2007), http://www.sos.wa.gov/_assets/elections/Voters% 27% 20Pamphlet%
202007.pdf.

independently sufficient to compel the award of fees and costs, thus rendering all of subsection (5) superfluous and meaningless.

*Langley*, 89 F. Supp. 3d at 1090. Applying the rule of statutory construction that "all words of the statute must be given effect, so that no provision is rendered meaningless or superfluous," *State v. Roggenkamp*, 153 Wn.2d 614, 624 (2005), the court held that the only way for subsection (5) to "have any meaning is if plaintiffs have a cause of action for a violation of subsection (5)." *Langley*, 89 F. Supp. 3d at 1090.

Judge Mendoza also cited the explanatory statement which accompanied Referendum Measure 67. The effect of Referendum Measure 67 was explained to voters as follows:

> ESSB 5726 would authorize any first party claimant to bring a lawsuit in superior court against an insurer for unreasonably denying a claim for coverage or payment of benefits, or violation of specified insurance commissioner unfair claims handling practices regulations, to recover damages and reasonably attorney fees, and litigation costs.

Explanatory Statement, Referendum Measure 67, *State of Washington Voters' Pamphlet,* Office of the Secretary of State, at 14 (Nov. 6, 2007), http://www.sos.wa.gov/_assets/elections/Voters% 27% 20Pamphlet% 202007.pdf. Based on the above, *Langley* found sufficient "legislative intent to create a claim for violating the enumerated WACs in both the language in the statute and the explanation of that language provided to the voters." *Langley*, 89 F. Supp. 3d at 1090.

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 13

While this Court finds IFCA's statutory language less than clear, the Court does not find that legislative intent supports implying a cause of action arising from subsection (5). IFCA subsection (1) reads as follows:

> Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

RCW 48.30.015(1). By way of contrast, subsection (5) reads "[a] violation of any of the following is a violation for the purposes of subsections (2) and (3) of this section: [list of WAC provisions]." RCW 48.30.015(5). As quoted above, subsections (2) and (3) contain IFCA's treble damages and attorney's fees provisions. *See* RCW 48.30.015(2), (3).

The Court agrees with Judge Mendoza concerning the vexing relationship between subsections (2) and (3) and subsection (5). Were subsection (5) limited solely to the issues of treble damages and attorney's fees, a court would never have to turn to subsection (5) as the prerequisite finding of an unreasonable denial of coverage or the payment of benefits under subsection (1) would always be independently sufficient to satisfy the requirements of subsections (2) and (3). *See Langley*, 89 F. Supp. 3d at 1090. At oral argument, Evanston attempted to harmonize the various IFCA subsections by arguing that the Judge, after a jury finding under subsection (1), could either (1) independently find an unreasonable

1   denial of coverage or the payment of benefits; or (2) find a violation of a WAC

2   provision under subsection (5) to satisfy subsections (2) and (3). As a jury would

3   have already found an unreasonable denial of coverage or the payment of benefits,

4   the Court is not convinced by Evanston's explanation. The hypothesized

5   subsequent judicial finding of an unreasonable denial of coverage or the payment

6   of benefits would merely duplicate that already made by the jury. It is not

7   necessary to perfectly harmonize the various IFCA subsections at this time,

8   however, as the Court does not recognize an implied cause of action for a different

9   reason.

10          The conflict between subsection (5) and the other IFCA provisions does not

11   mandate the recognition of an implied cause of action. In subsection (1), a mere

12   few lines above subsection (5), the legislature clearly, explicitly, and expressly

13   created a cause of action against an insurer who unreasonably denied an insured

14   coverage or the payment of benefits. RCW 48.30.015(1). If the legislature truly

15   intended to create a third IFCA cause of action arising out of subsection (5), they

16   would have utilized the same or similar language as in subsection (1). It is this

17   Court's finding that the legislature, by declining to do so, expressed an intent *not* to

18   create an independent IFCA cause of action under subsection (5).

19          The Court's conclusion is buttressed by a plain reading of subsection (5). As

20   reprinted above, subsection (5) states "[a] violation of any of the following is a

violation for the purposes of subsections (2) and (3) of this section."

RCW 48.30.015(5). This phrase explicitly limits the enumerated WAC provisions

to the issues of treble damages and attorney's fees under subsections (2) and (3).

*Accord Weinstein & Riley, P.S. v. Westport Ins. Corp.*, C08-1694 JLR, 2011 WL

887552, at *30 (W.D. Wash. March 14, 2011) ("Violations of the regulations

enumerated in RCW 48.30.015(5) provide grounds for trebling damages or for an

award of attorney's fees; they do not, on their own, provide a cause of action

absent an unreasonable denial of coverage or payment of benefits."); *Lease*

*Crutcher Lewis WA, LLC v. National Union Fire Ins. of Pittsburgh, PA*, C08-1862

RSL, 2010 WL 4272453, at *5 (W.D. Wash. Oct. 15, 2010) ("Instead, plaintiff

argues that any violation of WAC 284-30-330 constitutes a *per se* violation of

IFCA. The language of the statute does not support plaintiff's argument."). As

discussed above, if the legislature intended subsection (5) to support an

independent cause of action, the legislature would have expressly created one as in

subsection (1).

  The limited number of Washington State court decisions interpreting IFCA

also support this conclusion. "When interpreting state law, federal courts are bound

by decisions of the state's highest court." *In re Kirkland*, 915 F.2d 1236, 1238 (9th

Cir. 1990). "In the absence of such a decision, a federal court must predict how the

highest state court would decide the issue using intermediate appellate courts

decisions . . . as guidance." *Id.* at 1239. All parties agree that the Supreme Court of Washington has yet to determine whether subsection (5) supports an independent, implied cause of action. ECF No. 20 at 7; ECF No. 25 at 4. However, the Washington Court of Appeals in *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52 (2014), stated that "[t]he insured must show the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA." *Id.* at 79. This language, parroting the express cause of action created in subsection (1), lends support to the Court's conclusion that subsection (5) does not give rise to a third, independent cause of action.

The Court has only uncovered one contrary Washington Court of Appeals decision that discusses subsection (5) as creating an independent cause of action. The court in *Tarasyuk v. Mutual of Enumclaw Ins. Co.*, 32389-7-III, 2015 WL 5124861 (Wash. Ct. App. Sept. 1, 2015), stated without analysis that a violation of the enumerated subsection (5) WAC regulations would support an IFCA cause of action. *Id.* at *9. *Tarasyuk* cites *Merrill*, 22 F. Supp. 3d 1137, as support. *Tarasyuk*, 2015 WL 5124861, at *9. However, as *Merrill* also concludes without analysis that a cause of action exists under subsection (5), *see Merrill*, 22 F. Supp. 3d at 1148, the Court does not rely on *Tarasyuk*.

As the Court finds that legislative intent and the limited number of Washington State court decisions weigh against recognition of an implied cause of action under subsection (5), the Court finds that Plaintiffs cannot rely on subsection (5) to maintain their IFCA cause of action.

## CONCLUSION

The Court finds that Plaintiffs have failed to plead sufficient facts to state a claim upon which relief can be granted concerning the express IFCA cause of action under RCW 48.30.015(1). As the Court rejects *Langley*'s recognition of an implied cause of action under RCW 48.30.015(5), Plaintiffs have failed to plead sufficient facts for their IFCA cause of action to withstand Evanston's Rule 12(b)(6) motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Evanston Insurance Company's Motion to Dismiss Plaintiffs' IFCA Count, **ECF No. 20**, is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of October 2015.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION TO DISMISS IFCA CLAIM ~ 18