UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WORKLAND & WITHERSPOON, PLLC, a limited liability company; and ERIC SACHTJEN, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | NO: 2:14-CV-403-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES |

Before the Court are Plaintiff Workland & Witherspoon, PLLC's Motion to Amend Order on Award of Attorney Fees, **ECF No. 37**, and Plaintiff Eric Sachtjen's Motion to Amend Order on Award of Attorney Fees, **ECF No. 38**. The Court has reviewed the record, the memorandum in response (ECF No. 41), and is fully informed.

**BACKGROUND**

This case is one of four related lawsuits. Plaintiffs in this case, Workland & Witherspoon, PLLC (hereinafter "Workland"), and individual Eric Sachtjen, were

ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES ~ 1

1  defendants in two lawsuits before the Spokane County Superior Court. ECF No. 1-
2  1 at 2. Both lawsuits alleged professional liability causes of action regarding the
3  purchase and sale of real property. *Id.* At all relevant times, Mr. Sachtjen was an
4  attorney-employee of Workland. *Id.* Defendant in this case, Evanston Insurance
5  Company (hereinafter "Evanston"), is an Illinois insurance company that issued
6  both Plaintiffs professional malpractice insurance policies. ECF No. 20 at 2. When
7  the underlying litigation against Plaintiffs arose, Plaintiffs tendered the defense and
8  indemnity to Evanston. *Id.* Evanston assumed the defense of both Workland and
9  Mr. Sachtjen under a reservation of rights. *Id.*

10   In a separate case, Evanston filed a complaint for a declaratory judgment in
11  this Court on June 16, 2014, seeking a judicial determination that Evanston had no
12  duty to defend or indemnify Plaintiffs in the underlying state court actions. ECF
13  No. 1, 2:14-CV-00193-RMP. Plaintiffs requested a stay of Evanston's declaratory
14  judgment action. ECF No. 7, 2:14-CV-00193-RMP. The Court ultimately granted a
15  stay on five of Evanston's six asserted coverage defenses. ECF No. 18, 2:14-CV-
16  00193-RMP. However, the Court found "no reason at this time to abstain from, or
17  stay consideration of, Evanston's coverage defense regarding the Specific
18  Incidents Exclusion provision of the policy." *Id.* at 21.

19   Subsequently, Evanston moved for summary judgment, arguing that the
20  policies' Specific Incidents Exclusion excluded coverage for Plaintiffs' claims.
21  ECF No. 29, 2:14-CV-00193-RMP. During oral argument, Mr. Sachtjen's counsel

ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES ~ 2

informed the Court that the parties had settled the underlying state court lawsuits and that the motion for summary judgment was moot. ECF No. 44, 2:14-CV-00193-RMP. Evanston's counsel disagreed. *Id.* The Court determined that it would proceed with argument on Evanston's motion at that time. *Id.* After striking as inadmissible Evanston's supporting evidence, the Court denied Evanston's motion for summary judgment. ECF No. 46, 2:14-CV-00193-RMP.

On August 3, 2015, the parties stipulated to the dismissal with prejudice of Evanston's declaratory judgment action, 2:14-CV-00193-RMP. ECF No. 52, 2:14-CV-00193-RMP. The parties specifically noted that "all claims which have been asserted in this action by the plaintiff against defendants are moot." *Id.* at 1. The motion stated that "[t]he parties further agree that any claims defendants may have regarding the recovery of attorney's fees are preserved and can be asserted in the matter styled *Workland & Witherspoon, PLLC, et al. v. Evanston Insurance Co.*, No. 2:14-CV-403-RMP." *Id.* at 2. The Court granted the Stipulated Motion for Dismissal on August 10, 2015. ECF No. 53, 2:14-CV-00193-RMP.

In the instant lawsuit, Plaintiffs have alleged a number of causes of action against Evanston arising from the aforementioned state court lawsuits. ECF No. 1-1. As envisioned by the Stipulation of Dismissal, ECF No. 52, 2:14-CV-00193-RMP, Plaintiffs moved for Attorney Fees arising from 2:14-CV-00193-RMP under *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) (hereinafter "*Olympic Steamship*"). ECF Nos. 22 and 23. This Court denied Plaintiffs' motions

ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES ~ 3

for attorney's fees on October 30, 2015. ECF No. 35. Plaintiffs now move for reconsideration of the Court's prior Order. ECF Nos. 37 and 38.

## DISCUSSION

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). A court may depart from the law of the case and grant reconsideration only where 1) the first decision was clearly erroneous, 2) an intervening change in the law has occurred, 3) the evidence on remand is substantially different, 4) other changed circumstances exist, or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Id.* Plaintiffs argue that, under Washington State law, the Court's prior decision was "clearly erroneous." ECF No. 37 at 2; ECF No. 38 at 2.

Plaintiffs' primary argument is that, under the *Olympic Steamship* doctrine, an award of attorney's fees is mandated whenever an insurer compels an insured to assume the burden of legal action. ECF No. 37 at 2. Further, Plaintiffs contend that the Court incorrectly found that an award of fees would be inappropriate based on the coverage issue having never been adjudicated on the merits. *Id.* at 6.

The Court does not find that its prior decision was "clearly erroneous." Contrary to Plaintiffs' assertion that a "final judgment on the merits is not

ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES ~ 4

required," *id.*, Washington courts have held that "fees under *Olympic* are awarded only if the insured prevails." *Alaska Nat'l. Ins. Co. v. Bryan*, 125 Wn. App. 24, 36 (2004). Further, the Supreme Court of Washington has noted, when applying *Olympic Steamship* to surety performance bonds, that "pursuant to *Olympic Steamship*, an award of attorney fees [is appropriate] when the surety *wrongfully* denies coverage." *Colo. Structures, Inc. v. Ins. Co. of the West*, 161 Wn.2d 577, 601 (2007) (emphasis added). As cited by Plaintiffs, *Olympic Steamship* fees are required to avoid imposing "a back-breaking burden upon the small, but *justified*, litigants." ECF No. 37 at 4 (quoting *Louisiana-Pacific Corp. v. Asarco Inc.*, 131 Wn.2d 587, 695 (1997) (Sanders, J., concurring) (emphasis added)).

Due to the truncated nature of Evanston's declaratory judgment action, *see* 2:14-CV-00193-RMP, the Court does not know whether Evanston wrongfully denied coverage to Plaintiffs or whether Plaintiffs were justified in their defense. As such, the Court reaffirms its prior decision that, as "the Court cannot know whether Plaintiffs had a 'justifiable expectation of insurance protection,'" an award of *Olympic Steamship* attorney's fees would be "premature." ECF No. 35 at 6 (internal citation omitted).

Plaintiffs' reliance on Washington State decisions awarding attorney's fees where there has been no final adjudication on the merits is misplaced. ECF No. 6. These cases concern other fee-shifting mechanisms, not the *Olympic Steamship* rule. *See Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 864 (1973) (costs

ORDER DENYING PLAINTIFFS' MOTIONS TO RECONSIDER ORDER ON AWARD OF ATTORNEY FEES ~ 5

under the long-arm statute); *Soper v. Clibborn*, 31 Wn. App. 767, 767 (1982) (unlawful detainer action); *W. Stud Welding, Inc. v. Omark Indus., Inc.*, 43 Wn. App. 293, 295 (1986) (terms of a buy-out contract); *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 287 (1990) (lease clause and Mandatory Arbitration Rule 7.3); *Beckman v. Wilcox*, 96 Wn. App. 355, 357 (1999) (condemnation action). As none of these cases concerned fee-shifting under *Olympic Steamship*, the Court is not convinced that a different result is mandated.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Workland & Witherspoon, PLLC's Motion to Amend Order on Award of Attorney Fees, **ECF No. 37**, is **DENIED**.

2. Plaintiff Eric Sachtjen's Motion to Amend Order on Award of Attorney Fees, **ECF No. 38**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 14h day of December 2015.

                              *s/ Rosanna Malouf Peterson*
                             ROSANNA MALOUF PETERSON
                               Chief United States District Judge