UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WORKLAND & WITHERSPOON, PLLC, a limited liability company; and ERIC SACHTJEN, an individual,<br><br>                    Plaintiffs,<br><br>  v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>                    Defendant. | NO: 2:14-CV-403-RMP<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Evanston Insurance Company's

Motion for Summary Judgment to Dismiss, **ECF No. 43**. The Court heard oral

argument on Defendant's motion on March 28, 2016. ECF No. 56. The Court has

reviewed the motion, the response memorandum (ECF No. 50), the reply

memorandum (ECF No. 54), has heard argument from counsel, and is fully

informed.

**BACKGROUND**

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 1

1          This case is one of four related lawsuits.  Plaintiff in this case, Workland &

2    Witherspoon, PLLC (hereinafter "Workland"), was a defendant in two lawsuits

3    before the Spokane County Superior Court.  ECF No. 1-1 at 2.  Both lawsuits

4    alleged professional liability causes of action regarding the purchase and sale of

5    real property.  *Id.*  Defendant in this case, Evanston Insurance Company

6    (hereinafter "Evanston"), is an Illinois insurance company that issued Workland a

7    professional malpractice insurance policy.  ECF No. 20 at 2.  When the underlying

8    litigation against Workland arose, Workland tendered the defense and indemnity to

9    Evanston.  *Id.*  Evanston assumed the defense of Workland under a reservation of

10    rights.  *Id.*

11          In a separate case, Evanston filed a complaint for a declaratory judgment in

12    this Court on June 16, 2014, seeking a judicial determination that Evanston had no

13    duty to defend or indemnify Workland in the underlying state court actions.  ECF

14    No. 1, 2:14-CV-00193-RMP.  Workland requested a stay of Evanston's declaratory

15    judgment action.  ECF No. 7, 2:14-CV-00193-RMP.  The Court ultimately granted

16    a stay on five of Evanston's six asserted coverage defenses.  ECF No. 18, 2:14-

17    CV-00193-RMP.  However, the Court found "no reason at this time to abstain

18    from, or stay consideration of, Evanston's coverage defense regarding the Specific

19    Incidents Exclusion provision of the policy."  *Id.* at 21.

20          Subsequently, Evanston moved for summary judgment, arguing that the

21    policies' Specific Incidents Exclusion excluded coverage for the claims against

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 2

1   Workland.  ECF No. 20, 2:14-CV-00193-RMP.  During oral argument, former co-

2   plaintiff Eric Sachtjen's counsel informed the Court that the parties had settled the

3   underlying state court lawsuits and that the motion for summary judgment was

4   moot.  ECF No. 44, 2:14-CV-00193-RMP.  Evanston's counsel disagreed.  *Id*.  The

5   Court determined that it would proceed with argument on Evanston's motion at

6   that time.  *Id*.  After striking as inadmissible Evanston's supporting evidence, the

7   Court denied Evanston's motion for summary judgment.  ECF No. 46, 2:14-CV-

8   00193-RMP.

9       On August 3, 2015, the parties stipulated to the dismissal with prejudice of

10  Evanston's declaratory judgment action, 2:14-CV-00193-RMP.  ECF No. 52, 2:14-

11  CV-00193-RMP.  The parties specifically noted that "all claims which have been

12  asserted in this action by the plaintiff against defendants are moot."  *Id*. at 1.  The

13  motion stated that "[t]he parties further agree that any claims defendants may have

14  regarding the recovery of attorney's fees are preserved and can be asserted in the

15  matter styled *Workland & Witherspoon, PLLC, et al. v. Evanston Insurance Co.*,

16  No. 2:14-CV-403-RMP."  *Id*. at 2.  The Court granted the Stipulated Motion for

17  Dismissal on August 10, 2015.  ECF No. 53, 2:14-CV-00193-RMP.

18      In the instant lawsuit, Workland has alleged a number of causes of action

19  against Evanston arising from Evanston's handling of Workland's policy claim.

20  ECF No. 1-1.  As envisioned by the Stipulation of Dismissal, ECF No. 52, 2:14-

21  CV-00193-RMP, Workland moved for attorney's fees arising from 2:14-CV-

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 3

1  00193-RMP under *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37

2  (1991).  ECF No. 22.  The Court denied Workland's motion for attorney's fees on

3  October 30, 2015.  ECF No. 35.

**DISCUSSION**

**A. Summary Judgment Standard**

6  Summary judgment is appropriate if "the movant shows that there is no

7  genuine dispute as to any material fact and the movant is entitled to judgment as a

8  matter of law."  Fed. R. Civ. Proc. 56(a).  The opposing party "must do more than

9  simply show that there is some metaphysical doubt as to material facts."

10  *Matsushita v. Zenith*, 475 U.S. 574, 587 (1986).  "[I]t must produce at least some

11  'significant probative evidence tending to support the complaint.'"  *T.W. Elec.*

12  *Serv. V. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting

13  *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

14  The "purpose of summary judgment is to pierce the pleadings and to assess

15  the proof in order to see whether there is a genuine need for trial."  *Matsushita*, 475

16  U.S. at 587 (internal quotation marks omitted).  Therefore, the nonmoving party

17  must show that a judge or jury is required to resolve the factual dispute.  *See T.W.*

18  *Elec. Serv.*, 809 F.2d at 630.  There is no genuine issue of material fact where the

19  "nonmoving party has failed to make a sufficient showing on an essential element

20  of her case with respect to which she has the burden of proof."  *Celotex Corp. v.*

21  *Catrett*, 477 U.S. 317, 323 (1986).  However, if a party fails to "properly support

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 4

1  an assertion of fact," the court may "consider the fact undisputed for purposes of

2  the motion."  Fed. R. Civ. P. 56(e)(2).

3      **B. Issues**

4      Evanston argues that it is entitled to summary judgment because Workland

5  is unable to prove any injury, harm, or damages as a result of Evanston's conduct.

6  ECF No. 43 at 3.  Following the Court's dismissal of Workland's Insurance Fair

7  Conduct Act cause of action, ECF No. 33, Workland's remaining causes of action

8  are for breach of contract, bad faith, and under the Washington State Consumer

9  Protection Act ("CPA").  *See* ECF No. 1-1.

10     For the purpose of the instant motion for summary judgment, Evanston

11  "assumes that it acted as alleged by plaintiffs in all instances."  ECF No. 43 at 3

12  n.1.  Consequently, Workland argues that Evanston's motion for summary

13  judgment is premised exclusively on the damages elements of Workland's various

14  causes of action.  ECF No. 50 at 1.  As such, Workland contends that Evanston, for

15  the purpose of the instant motion, has admitted all other necessary elements to the

16  causes of action.  *Id.*  Specifically, Workland asserts that Evanston has admitted

17  "that it acted or failed to act in bad faith, in breach of the insurance contract, and in

18  violation of the Consumer Protection Act while defending Workland . . . under a

19  reservation of rights."  *Id.*

20     Although Evanston, in its reply memorandum, presents arguments

21  addressing various other elements of the claims, Evanston did not raise those issues

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 5

1  in their motion for summary judgment.  *See* ECF No. 54.  Further, during oral

2  argument Evanston conceded that the instant summary judgment motion was

3  limited to the damages, harm, or injury elements of Workland's remaining causes

4  of action.  As the Court finds that Evanston's motion solely concerns the damages,

5  harm, or injury elements of Workland's causes of action, the Court will only

6  address those arguments.

7      **B. Breach of Contract**

8      Evanston contends that Workland has not suffered any damages that have

9  not already been reimbursed, or that would have been covered under the insurance

10  policies because Evanston "defended the plaintiffs under a reservation of rights,

11  and it funded the eventual settlement of the underlying lawsuits."  ECF No. 43 at

12  3–4.  However, Workland asserts that "Evanston's settlement of the underlying

13  action is not dispositive of Workland's claims."  ECF No. 50 at 4.

14      Workland argues that, although Evanston funded the eventual settlement,

15  "an adequate investigation of the coverage issues would have avoided needless

16  cost to the plaintiff."  ECF No. 50 at 4.  Consequently, Workland argues that "had

17  Evanston conducted an investigation, there likely would have been no need for the

18  declaratory action and Workland would not have incurred the expenses of

19  defending the action."  *Id.* at 5.

20      Evanston generally asserts that "the plaintiff has not alleged a single fact that

21  would support its allegation that Evanston's investigation was improper or

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 6

1  unreasonable." ECF No. 54 at 6.  However, as Evanston conceded breach of the

2  duty to defend in its motion, *see* ECF No. 43 at 3 n.1, the Court will not consider

3  an argument concerning breach belatedly asserted in Evanston's reply

4  memorandum.  However, Evanston also argues that "[n]o amount of factual

5  investigation that Evanston could have done would have resolved the *legal* issue of

6  whether the exclusion that Evanston believed might have applied to bar coverage

7  did, as a matter of law, bar coverage." ECF No. 54 at 6 (emphasis in original).

8       To sustain a claim for breach of contract, a party must establish four

9  elements: duty, breach, causation, and damages.  *Baldwin v. Silver*, 165 Wn. App.

10  463, 473 (2011).  Generally, a party may recover all damages that result from the

11  breach, and be "put into as good a pecuniary position as he would have had if the

12  contract had been performed."  *Columbia Park Golf Course, Inc. v. City of*

13  *Kennewick*, 160 Wn. App. 66, 82–83 (2011).

14       The Court finds that, taking into account Evanston's concession of the facts

15  as alleged by Workland, the attorney's fees incurred by Workland result in

16  Workland's not being "put into as good a pecuniary position as [it] would have had

17  if the contract has been performed." *See Columbia Park*, 160 Wn. App. at 82–83.

18  As the Court assumes, pursuant to Evanston's limited concession, that it failed to

19  conduct an adequate investigation prior to filing the coverage lawsuit, Workland

20  has demonstrated a genuine issue of material fact concerning whether Workland

21  suffered pecuniary harm resulting from Evanston's action.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 7

1    Evanston argues that Workland's remedy concerning any litigation costs was

2    a motion for attorney's fees, which the Court previously has denied. ECF No. 43 at

3    6. However, Workland is seeking attorney's fees as compensable damages, not as

4    fees incurred in defending the instant action. *See Microsoft Corp. v. Motorola, Inc.*,

5    795 F.3d 1024, 1050 (9th Cir. 2015) (noting that "courts routinely award attorneys'

6    fees as damages . . . when attorneys' fees are a fair measure of the harm

7    impermissibly caused by the defendant"). As Evanston does not cite precedent

8    finding that litigation costs cannot constitute damages relevant to Workland's

9    remaining causes of action, the Court finds Evanston's argument unpersuasive.

10    As Evanston has asked the Court to assume that filing the declaratory

11    judgment action constituted a breach of its duty to defend, any litigation costs

12    accrued from Workland's defense of that action could satisfy the damages element

13    of a breach of contract cause of action.  As such, Evanston's motion for summary

14    judgment on Workland's breach of contract cause of action is **denied**.

15    **C. Consumer Protection Act**

16    Evanston contends that Workland "cannot demonstrate injury to their

17    'business or property' resulting from any alleged CPA violation."  ECF No. 43 at

18    5.  Evanston also argues that because Workland received contractual damages, the

19    Court should dismiss the CPA and bad faith claims because Workland has not

20    shown uncompensated harm.  ECF No. 43 at 4–5.

21

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 8

1    However, Workland asserts that "[u]ncertainty and risk, or even merely loss

2    of control of the case are sufficient to establish damages."  ECF No. 50 at 6.

3    Workland alleges that Evanston controlled the defense and investigation of the

4    underlying litigation, and therefore Workland was not able to engage in settlement

5    negotiations without prior consent.  ECF No. 50 at 7.  As such, Workland argues

6    that Evanston's choice to litigate instead of mediate resulted in a higher deductible

7    payment, and that a reasonable jury could find that Workland did not retain control

8    of the case, and would have opted for mediation because it resulted in less cost.

9    ECF No. 50 at 7–8.

10   In response, Evanston emphasizes that any agreement to mediate would

11   require the consent of both Workland and Evanston.  ECF No. 54 at 3.  Also,

12   Evanston notes that Workland failed to "allege that any such mediation was

13   scheduled, planned, or even contemplated at the time the underlying lawsuit was

14   settled, much less that the plaintiff had already consented to such mediation."  *Id.*

15   Similarly, Evanston argues that Workland failed to support the contention

16   that it lost control of the underlying lawsuits because (1) under Washington law,

17   the insured makes the ultimate choice regarding settlement in a reservation of

18   rights situation; and (2) under the insurance policy Evanston "shall not settle any

19   Claim without the prior written consent of the Insured, but [Evanston] shall have,

20   at all times, the right to recommend a settlement of any Claim."  *Id.* at 3–4.

21   Therefore, Evanston asserts Workland cannot allege a loss of control as it did not

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 9

1 | provide any evidence of its lack of consent to the settlement, or inability to engage

2 | in mediation. *Id.* at 4. Evanston argues that Workland has failed to allege

3 | sufficient facts to sustain the CPA claim because Workland did "not actually allege

4 | that it suffered any of these sorts of non-monetary damages." *Id.* at 7.

5 |     A successful CPA action must allege an "(1) unfair or deceptive act or

6 | practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury

7 | to plaintiff in his or her business or property; (5) causation." *Hangman Ridge*

8 | *Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Each

9 | element is required to maintain the action. *See Shields v. Enterprise Leasing Co.*,

10 | 139 Wn. App. 664, 675 (2007). A party may not claim expenses accrued in the

11 | pending CPA action as the injury. *See Ledcor Indus. (USA), Inc. v. Mut. of*

12 | *Enumclaw Ins., Co.*, 150 Wn. App. 1, 13 (2009) (finding no cognizable injury in

13 | CPA action where the alleged harm resulted from retaining and paying an attorney

14 | to defend a dispute with an insurer because of failure to explain how it was

15 | connected to insurer's failure to defend).

16 |     Similar to the breach of contract cause of action, Evanston only has moved

17 | for summary judgment on the CPA "injury to . . . business or property" element.

18 | ECF No. 43 at 4. Similar to the breach of contract cause of action, Evanston

19 | asserts that a motion for attorney's fees, as pursued by Workland, is the proper

20 | avenue for recovering litigation costs. *Id.* at 6. However, as noted by Workland,

21 | "Evanston has not provided any authority for its position" and "attorneys' fees are

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 10

1    a fair measure of the harm impermissibly caused by the defendant." ECF No. 50 at

2    6.

3        Assuming for the purpose of this motion the remaining CPA elements as

4    Evanston has conceded, the Court finds that unrecovered litigation costs, as a

5    pecuniary loss arising from the underlying conduct, can constitute an "injury to

6    plaintiff in his or her business or property." *See Hangman Ridge*, 105 Wn.2d at

7    780.  Any litigation costs would have been "caused" by Evanston's allegedly

8    deceptive practice: filing a declaratory judgment action in bad faith without having

9    undertaken the necessary amount of preliminary investigation.

10        The Court concludes that Workland has demonstrated a genuine issue of

11    material fact concerning whether Workland suffered a requisite "injury." As such,

12    Evanston's motion for summary judgment on Workland's CPA claim is therefore

13    **denied**.

14        **D. Bad Faith**

15        Evanston argues that Workland's accumulated attorney fees did not result

16    from Evanston's alleged bad faith, but rather from resolving the coverage dispute

17    by declaratory judgment.  ECF No. 43 at 6.  Also, Evanston claims that Workland

18    cannot support the argument that Evanston improperly conducted the investigation

19    prior to bringing the declaratory judgment action, and even if Workland could

20    support it, this Court already has properly denied the recovery of attorney fees. *Id.*

21    at 6–7.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 11

1    Workland argues that if "Evanston conducted an investigation, there likely

2    would have been no need for the declaratory action and Workland would not have

3    incurred the expenses of defending the action."  ECF No. 50 at 5.

4    Workland relies on *City of Bothell v. Berkley Regional Specialty Insurance*

5    *Co.*, No. C14-0791RSL, 2014 WL 5110485 (W.D. Wash. Oct. 10, 2014), for the

6    proposition that an insured can recover when "an adequate investigation of the

7    coverage issues would have avoided needless cost to the plaintiff." ECF No. 50 at

8    4. In *City of Bothell*, the insurer provided a multitude of reasons to excuse its duty

9    to defend the insured, most of which "were wrong on the facts or on the law."  *City*

10   *of Bothell*, 2014 WL 5110485, at *8.  The court found that unreasonable delays in

11   communication, and other justifications that were not adequately investigated were

12   "unreasonable and unfounded."  *Id*. at *9.  The court concluded that if the insurer

13   had conducted a "thorough investigation," it would have discovered coverage was

14   precluded, therefore avoiding the accumulation of time and wasted resources

15   expended by the insured "respond[ing] to the various red herring arguments."  *Id*.

16   Although the insurer ultimately did not have a contractual duty to defend the

17   insured, its "unjustified denials" were sufficient to establish bad faith.  *Id*. at *10.

18   Workland maintains that, similar to the insured in *City of Bothell*, it was

19   "forced to incur" attorney's fees and other litigation costs accrued in defending

20   Evanston's allegedly bad faith declaratory judgment action. ECF No. 50 at 7.

21   Workland argues that the costs are recoverable because they stem directly from, or

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 12

1    are caused by, "Evanston's bad faith declaratory action," as opposed to the current

2    action alleging extra-contractual claims.  *Id.*

3         Evanston contends that Workland's "failure to investigate" theory is flawed

4    as it relates to an insurer's duty to defend, not an insurer's duty to indemnify.  ECF

5    No. 54 at 4–5.  As Evanston agreed to defend Workland under a reservation of

6    rights, it argues that it did not fail to investigate its duty to defend.  *Id.* at 5.

7    Evanston also argues that Workland has not provided any evidence that tends to

8    support the assertion that Evanston's investigation was improper, or could have

9    prevented the filing of the declaratory action.  *Id.* at 6.  Similarly, Evanston notes

10   that Workland's allegations are insufficient to withstand summary judgment.  *Id.* at

11   7.

12        A party must prove the existence of a duty, breach of that duty, and damages

13   that were proximately caused by the breach to succeed on a bad faith claim.

14   *Werlinger v. Clarendon Nat'l Ins. Co.*, 129 Wn. App. 804, 808 (2005).  Harm is an

15   essential element of a bad faith cause of action, and without a credible showing of

16   harm the claim cannot proceed.  *Id.* at 808–10 (insurer established there was no

17   harm to the insured, and no presumption of harm arose where the insured was

18   defended under a reservation of rights and sought timely coverage resolution).  A

19   party is entitled to compensation for the harm caused by the bad faith, and

20   "estoppel as to the policy defenses to the claim."  *Ledcor*, 150 Wn. App. at 10

21

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 13

(finding no harm was suffered where insured received what the insurance policy entitled).

Once the insured establishes "by a preponderance of the evidence that the insurer acted in bad faith, there is a [rebuttable] presumption of harm . . . ." *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 394 (1992). Evanston argues that, although it has conceded bad faith for the purpose of the instant motion, it has presented sufficient evidence to rebut any presumption of harm.

Similar to Workland's other causes of action, Evanston moves for summary judgment solely on the damages, or harm, element.  ECF No. 43 at 6.  Assuming for the purpose of the instant motion that Evanston acted in bad faith when filing the declaratory judgment action, any accrued litigation costs were caused, or resulted from, Evanston's conduct.  *See City of Bothell*, 2014 WL 5110485, at *9 (noting that the insurer's delay "caused [the insured] to expend time and resources attempting to respond").

Alternatively, Evanston argues that it has persuasively rebutted any presumption of harm to Workland.  *See Safeco*, 118 Wn.2d at 394.  However, as noted above, any litigation costs caused by Evanston's assumed bad faith declaratory judgment action would have caused harm to Workland for the purpose of a bad faith cause of action.  Thus, whether Evanston can rebut any presumption of harm remains a genuine issue of material fact that would be properly reserved for the trier of fact.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 14

1    Based on the procedural posture of the instant motion, the Court finds that

2 Workland has demonstrated a genuine issue of material fact concerning the

3 damages element, and Evanston's motion for summary judgment on Workland's

4 bad faith claim is **denied**.

5    Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for

6 Summary Judgment to Dismiss, **ECF No. 43**, is **DENIED**.

7    The District Court Clerk is directed to enter this Order and provide copies to

8 counsel.

9    **DATED** this 30th day of March 2016.

10

11                                            *s/ Rosanna Malouf Peterson*
                                              ROSANNA MALOUF PETERSON
12                                            United States District Judge

13

14

15

16

17

18

19

20

21

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 15